JOHN L. CUSICK

*v.*

JAMES CAMPBELL.

1. INSTRUCTION—*should not assume facts.* It is not erroneous to refuse an instruction which assumes a state of facts to be proven.

2. ERROR—*will not always reverse.* Where the law of a case is fairly presented to the jury by the instructions given, the judgment will not be reversed for the refusal to give an instruction which, if given, could not have changed the result.

APPEAL from the Circuit Court of Livingston county ; the Hon. CHARLES H. WOOD, Judge, presiding.

Mr. L. G. PEARRE, for the appellant.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This is an appeal from a trial had in the circuit court of Livingston county, in which James Campbell sued John L. Cusick, for labor performed by the son of plaintiff for the defendant, under a contract.

On the trial of the cause in the circuit court, before a jury, a verdict was rendered in favor of the plaintiff against the defendant for the sum of $55.

The defendant brings the case to this court by appeal, and asks a reversal of the judgment on two grounds.

*First.*  Because the verdict is contrary to the evidence.

*Second.*  For the reason the court refused an instruction asked on his behalf.

There is no dispute between the parties in regard to the time the son of plaintiff worked, and the price to be paid per month.  The only dispute is, as to the time he was to work, and upon this point the evidence was conflicting.

The plaintiff testifies he hired his son to work for defendant in the spring of 1871, for seven or eight months, and that he worked eight months and five days.  On the other hand, the defendant testifies the contract was, the son of plaintiff was to work from the spring during the summer and fall, until he had his corn all husked, and that the boy quit work on the 28th day of November, before he had finished husking corn.

The record shows this question in dispute was fairly submitted to the jury, and it was the peculiar province of the jury to reconcile this conflicting testimony.  They had the witnesses before them, could observe their candor, fairness, intelligence, and various other things, and from that data, where there is a conflict, could determine who was entitled to the greater degree of credit.  This the jury have done, and found in favor of the plaintiff, and after a careful inspection of the record, we can not say the verdict is against the weight of evidence.  But even if the verdict was contrary to the

weight of the evidence, where there is a conflict in the testimony, as there is in this case, we could not, for that reason, disturb the finding of the jury, unless it was manifestly against its weight. *City of Chicago* v. *Garrison,* 52 Ill. 517.

The other point relied upon by appellant, that the court refused to give an instruction by him asked, is not well taken.

The instruction was liable to mislead the jury. It assumed a state of facts proven, when it was the duty of the jury to determine from the evidence what was proved.

The law involved in the case was fairly presented to the jury by an instruction given for the plaintiff, and even if the refused instruction was not liable to the objection named, and had been given, it could not have changed the result.

Upon a careful examination of the whole record, we perceive no error. The judgment will be affirmed.

*Judgment affirmed.*